IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CALVIN EARL AYERS,

    Petitioner,

v.                                    Civil Action No. 5:10CV29
                                            (STAMP)

WARDEN JOEL ZIEGLER,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION**

    I.  Facts and Procedural History

On March 5, 2010, Calvin Earl Ayers, an inmate at FCI Morgantown, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is currently serving a 120 month term of imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. On August 25, 2009, while incarcerated at FCI Forrest City, the petitioner was informed he had been accepted into the Residential Drug Abuse Treatment Program ("RDAP"). The petitioner was then transferred to FCI Morgantown. Successful completion of RDAP generally qualifies an inmate to be considered for up to one year of early release. The petitioner began the RDAP program at FCI Morgantown on December 14, 2009. On January 29,

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

2010, the petitioner's Drug Abuse Treatment Specialist noted in administrative notes that the petitioner stated that he had been sober since 1986. The petitioner's positive cocaine urinalysis during pretrial resulted from his handling cocaine, which is consistent with the petitioner's presence report. The specialist noted that the petitioner qualified for RDAP based on an interview at FCI Forrest City in which the petitioner allegedly stated that he abused cocaine in the year prior to incarceration. The petitioner stated that he did not recall making that statement and thought he qualified for RDAP based on the positive drug test during pretrial. In a memorandum dated February 22, 2010, the petitioner was informed by FCI Morgantown's drug abuse program coordinator that he was being removed from RDAP because he did not meet the admissions criteria for the program.

The petitioner believes that he was arbitrarily and capriciously expelled from RDAP without sufficient cause or warning. He argues his due process rights were violated. He states that he signed a treatment contract which obligated him to a certain standard of performance and that he did not violate that standard. The petitioner seeks a temporary restraining order placing him in the RDAP program until he has exhausted his administrative remedies or this Court issues a ruling. He further seeks an order placing him in RDAP so he can receive the drug

treatment ordered by the sentencing court in its judgment and commitment order.

The respondent believes that the petition should be dismissed for failure to exhaust administrative remedies. The respondent argues that Bureau of Prisons ("BOP") did not violate the petitioner's due process rights and did not err in deciding to discharge the petitioner from RDAP. In his response, the petitioner raises an equal protection argument because he was dismissed from the program.

This action was referred to United States Magistrate Judge David J. Joel, pursuant to Local Rule of Prisoner Litigation Procedure 83.09. After reviewing the parties' pleadings, the magistrate judge filed a report and recommendation in which he recommended that the respondent's motion to dismiss be granted the petitioner's motions for a temporary restraining order be denied and his § 2241 habeas corpus petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed objections, and this matter is now ripe for review. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

3

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

A. Exhaustion of Administrative Remedies

In his motion to dismiss, or in the alternative, motion for summary judgment, the respondent argues that the petition should be denied because the petitioner failed to exhaust his administrative remedies. Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See e.g. Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). However, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Indeed, exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a court has the

4

discretion to waive the exhaustion requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487, at *8 (S.D. W. Va. June 12, 2006).

The magistrate judge recommends that this Court waive the exhaustion requirement in the interest of judicial economy because this case is fully briefed for adjudication on the merits. This Court agrees with the recommendation of the magistrate judge. Therefore, the exhaustion requirement is waived in this instance.

B.  Merits of Petitioner's Claim

Pursuant to 18 U.S.C. § 3621, the BOP provides qualified inmates with a program of substance abuse treatment. To encourage inmates to participate in such programs, Congress has authorized the BOP to reduce by up to one year the sentences of prisoners who successfully complete the program and whose crimes of convictions are for nonviolent offenses. 18 U.S.C. § 3621(e)(2)(B). Specifically, § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Regulations found in 28 C.F.R. § 550.56 provide requirements for RDAP eligibility. An inmate must have a verifiable documented drug abuse problem, must have no serious mental impairment which would substantially interfere with or preclude full participation

5

in the program, must sign an agreement acknowledging his program responsibility, must ordinarily be within thirty-six months of release, and the security level of the residential program institution must be appropriate for the inmate. 28 C.F.R. § 550.56(a). The drug abuse treatment coordinator at the institution makes placement decisions and participation in the program is voluntary. 28 C.F.R. § 550.56(b).

The Administrative Procedure Act ("APA") provides for judicial review of federal agency action except where a statute precludes judicial review or where agency action is committed to agency discretion. 5 U.S.C. §§ 701 and 702. Pursuant to 18 U.S.C. § 3621, the BOP has authority to provide and administer appropriate substance abuse treatment programs to eligible prisoners and broad discretion to grant or deny sentence reductions to eligible inmates. 18 U.S.C. § 3621. The same statute that delegates this discretionary authority to the BOP forecloses judicial review under the APA of residential drug treatment placement determinations and sentence reductions earned, or not earned, thereunder. See, e.g., United States v. Jackson, 70 F.3d 874, 877-78 (6th Cir. 1995); Davis v. Federal Bureau of Prisons, et al., 517 F. Supp. 2d 460 (D.D.C. 2007); Landry v. Hawk-Sawyer, 123 F. Supp. 2d 17, 19 (D.D.C. 2000); Davis v. Beeler, 966 F. Supp. 483, 498 (E.D. Ky. 1997). Just as a decision to admit an inmate in a residential drug treatment program is a judicially unreviewable substantive decision

by the BOP, so too is a decision to remove an inmate from such a program once placed there. However, even where judicial review under the APA is specifically excluded by statute, it is still appropriate for courts to review whether any cognizable constitutional claim has been presented and whether an agency's interpretation of a statute is contrary to well-settled law. Webster v. Doe, 486 U.S. 592 (1988); Neal v. United States, 516 U.S. 284 (1996).

    1.   Due Process Claim

The petitioner argues that the BOP's decision to expel him from RDAP violates his due process rights. To succeed on his due process claim, the petitioner must demonstrate that the BOP decision not to consider him for early release has deprived him of a liberty or property interest, in violation of his Fifth Amendment protections. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979). A prisoner has no constitutional or inherent right to participate in rehabilitative programs while incarcerated nor in being released before the completion of a valid sentence. Id.; Moody v. Daggert, 429 U.S. 78, 88 n.9; Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). In his objections, the petitioner does not refute this principle. Instead, he states that he was rightly admitted to the program and arbitrarily ejected from the program, which does not meet the societal interest. This Court disagrees. Because the plaintiff has no constitutional right

to participate in rehabilitative programs while incarcerated, the plaintiff's due process claim has no merit.

C. Equal Protection Claim

The petitioner argues that the BOP has violated his equal protection rights by expelling only him from the RDAP program. An equal protection claim requires, as a threshold matter, that the petitioner demonstrate that a governmental decision-maker has treated him differently from others similarly situated and that such unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

BOP policy requires that any prisoner who wishes to participate in RDAP must show verification of substance abuse within one year prior to his arrest. In this case, the petitioner asserts no facts to support a claim that other inmates lacking adequate documentation of substance abuse are permitted to remain in RDAP. Accordingly, his equal protection claim fails.

3. Agency Interpretation of the Statute

In Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), the Supreme Court dictated that courts should presume "that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever

degree of discretion the ambiguity allows." Smiley v. Citibank (South Dakota), N.A., 517 U.S. 735, 739 (1996). Therefore, the Court established a two-step test for reviewing an agency's statutory construction. The first step begins with determining "whether Congress has directly spoken to the precise question at issue." Chevron, 467 U.S. at 842-43. If Congress's intent is clear, "the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. If there is ambiguity in the statute, the court must then determine whether the agency's construction of the statute is reasonable. Id. at 844. The agency's construction of the statute is given "substantial deference," Blum v. Bacon, 457 U.S. 132, 141-142 (1982), and will be upheld unless it is "arbitrary, capricious, or manifestly contrary to the statute." Chevron, 467 U.S. at 844.

The magistrate judge identified the definition of "substance abuse problem" to be the true issue in this case, although neither party addresses it. This Court agrees. Congress left the determination of whether a prisoner has substance abuse problems to the discretion of the BOP. The BOP turned to a diagnostic manual published by mental health professionals to define a substance abuse problem. This is a reasonable decision because mental health professionals deal with this issue every day. The manual used diagnoses a substance abuse problem based on the existence of certain symptoms during a twelve month period. The magistrate

9

judge also found that the BOP has reasonably determined that the documented substance abuse problem must occur within the twelve months preceding arrest or incarceration because those individuals are in the most need of the high demand RDAP program and will receive the maximum benefit. This Court agrees with the magistrate judge that the BOP's interpretation of "substance abuse problem" and its related criteria are reasonable interpretations of 18 U.S.C. § 3621. In his objections, the petitioner states only that Congress designed the RDAP program "to meet the needs of this Petitioner and in so doing the societal interest." The petitioner does not show how the BOP's interpretation of "substance abuse problem" is unreasonable. Accordingly, this Court finds that the BOP's decision that the petitioner is ineligible for RDAP and the decision to terminate the petitioner from the program do not violate the terms of the statute authorizing RDAP.

    4.   <u>Injunctive Relief</u>

In <u>The Real Truth About Obama, Inc. v. Federal Election Commission</u>, 575 F.3d 342 (4th Cir. 2009), the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a preliminary injunction should issue. The four factors which the petitioner must establish before a district court can grant a preliminary injunction in the Fourth Circuit are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of

>     preliminary relief, (3) that the balance of equities tips
>     in his favor, and(4) that an injunction is in the public
>     interest.

Id. (citing <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 374 (2008)). As the magistrate judge correctly noted, the petitioner's request clearly fails to satisfy the first factor because the petitioner cannot succeed on the merits of his petition. Accordingly, the magistrate judge correctly found that the petitioner's motions for injunctive relief should be denied.

## IV. Conclusion

Based upon a <u>de novo</u> review of the petitioner's claims, this Court finds that the magistrate judge's report and recommendation should be and is hereby adopted and affirmed in its entirety. Accordingly, the respondent's motion to dismiss (Document No. 21) is GRANTED; the petitioner's motions for a temporary restraining order (Document Nos. 2 and 12) are DENIED; and the petitioner's § 2241 petition for habeas corpus (Document No. 1) is DENIED and DISMISSED WITH PREJUDICE. In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is

entered.  See Fed. R. App. P. 4(a)(1).  He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241.  See 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 15, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE